19-1921-cv
*Berni v. Barilla S.p.A., et al v. Schulman*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 19-1921-cv

ALESSANDRO BERNI, GIUSEPPE SANTOCHIRICO, MASSIMO SIMIOLI,
DOMENICO SALVATI,
*Plaintiffs-Appellees*,

v.

BARILLA S.P.A., BARILLA AMERICA, INC., BARILLA USA,
*Defendants-Appellees*,

v.

ADAM EZRA SCHULMAN,
*Objector-Appellant*.

On Appeal from the United States District Court
for the Eastern District of New York

SUBMITTED: APRIL 2, 2020
DECIDED: JULY 8, 2020

Before: KEARSE, CABRANES, and SACK, *Circuit Judges*.

---

Can a group of past purchasers of a product obtain certification as a class under Federal Rule of Civil Procedure 23(b)(2)? Put another way, can a group of past purchasers of a product maintain a class action for injunctive relief?

These questions—which have surfaced in many consumer-led class actions in the district courts of this Circuit—are now before us in a suit involving boxes of pasta.

Objector-Appellant Adam Ezra Schulman—a member of a class of past purchasers of that pasta—argues, among other things, that the United States District Court for the Eastern District of New York (Steven L. Tiscione, *Magistrate Judge*) erred in certifying Plaintiffs-Appellees as a Rule 23(b)(2) class when the Court approved their settlement with Defendant-Appellee Barilla America, Inc. ("Barilla"). Plaintiffs-Appellees and Barilla, seeking to preserve the settlement they struck, contend otherwise.

We agree with Schulman and conclude that the District Court did, in fact, err in certifying Plaintiffs-Appellees as a Rule 23(b)(2) class because not all class members stand to benefit from injunctive relief, the kind of relief the settlement primarily provides. Accordingly, we

**VACATE** the District Court's June 3, 2019 order granting class settlement approval and **REMAND** for further proceedings.

——————

Ronen Sarraf, Sarraf Gentile LLP, Great Neck, NY; Daniella Quitt, Glancy Prongay & Murray LLP, New York, NY, *for Plaintiffs-Appellees*.

Steven P. Blonder, Much Shelist P.C., Chicago, IL, *for Defendants-Appellees*.

Adam E. Schulman, Hamilton Lincoln Law Institute Center for Class Action Fairness, Washington, D.C., *Counsel in Pro Per*.

——————

JOSÉ A. CABRANES, *Circuit Judge*:

Can a group of past purchasers of a product obtain certification as a class under Federal Rule of Civil Procedure 23(b)(2)?[1] Put another way, can a group of past purchasers of a product maintain a class action for injunctive relief?

---

[1] Federal Rule of Civil Procedure 23(b)(2) specifies that a class action may be maintained if the requirements of Rule 23(a) are satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

These questions—which have surfaced in many consumer-led class actions in the district courts of this Circuit—are now before us in a suit involving boxes of pasta.

Objector-Appellant Adam Ezra Schulman—a member of a group of past purchasers of that pasta—argues, among other things, that the District Court for the Eastern District of New York (Steven L. Tiscione, *Magistrate Judge*)[2] erred in certifying Plaintiffs-Appellees as a Rule 23(b)(2) class when the Court approved their settlement with Defendant-Appellee Barilla America, Inc. ("Barilla").[3] Plaintiffs-Appellees and Barilla, seeking to preserve the settlement they struck, contend otherwise.

We agree with Schulman and conclude that the District Court did, in fact, err in certifying Plaintiffs-Appellees as a Rule 23(b)(2) class because not all class members stand to benefit from injunctive relief, the kind of relief the proposed settlement primarily provides. Accordingly, we **VACATE** the District Court's June 3, 2019 order granting class settlement approval and **REMAND** for further proceedings.

---

[2] This action was assigned to the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c)(1), which allows him, upon consent of the parties, to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

[3] As the District Court noted, "Barilla G. e. R. Fratelli S.p.A., Barilla's Italian parent company, was dismissed from this action for lack of personal jurisdiction." Accordingly, Barilla America, Inc. is "the sole remaining defendant." *Berni v. Barilla G. e R. Fratelli, S.p.A.*, 332 F.R.D. 14, 19 n.1 (E.D.N.Y 2019).

## I.    BACKGROUND

Visit the pasta aisle in any major American supermarket and one is bound to encounter the "iconic blue box[es]" of Barilla's pastas.[4] The pastas come in many familiar varieties—and more recently, in some less familiar ones. In addition to the standard "enriched macaroni" noodles that it sells, Barilla has added a set of specialty pastas, including those that are whole grain, gluten free, and made with added fiber or protein.[5] It is their attempt to keep up with American dietary trends, and to appeal to "health conscious" consumers.[6]

Enticed by these offerings, Plaintiffs-Appellees Alessandro Berni, Domenico Salvati, Massimo Simioli, and Giuseppe Santochirico (jointly, "Plaintiffs") each purchased one or another of Barilla's new products. But they quickly found themselves disappointed. The problem: the boxes of the pasta were allegedly underfilled.

According to Plaintiffs, the newer Barilla pastas were sold in boxes of the same size as the older, familiar Barilla pastas. But there was a key difference: someone who bought one of the older products would get more pasta than someone who bought one of the newer products—even though the size of the containers in which the pastas

---

[4] Amended Class Action Complaint ¶ 1.

[5] *Id.* at ¶ 2.

[6] *Id.*

were sold was exactly the same.[7] According to the four Plaintiffs, any consumer—reasonably conditioned to believe that all Barilla boxes of the same size contain the same amount of pasta—would thus be deceived, just as they were, by the new packaging.

Expecting more pasta than they got, Plaintiffs brought a lawsuit. In July 2016, the four purchasers, acting on behalf of themselves and others similarly situated, initiated a class action against Barilla for deceptive packaging. Alleging that Barilla intentionally sold its pasta in misleading boxes which concealed non-functional "slack-fill," they made claims under N.Y. Gen. Bus. Law § 349(a)—which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce"—and under the common law for unjust enrichment.[8] They sought, among other things, damages, restitution, and injunctive relief.

Nearly two years later, after Barilla filed its motion to dismiss but before the District Court ruled on it, Plaintiffs and Barilla converged on a settlement. They agreed that Barilla would pay up to $450,000 in fees to class counsel and to the four named representatives; that all class members would release Barilla from future claims; and, most importantly, that Barilla would include a minimum "fill-line" on its boxes going forward, to indicate how much pasta was contained inside, in addition to language about how its pasta is sold by weight

---

[7] *Id.* at ¶ 4 ("Barilla markets and sells its specialty pastas in same-sized boxes as the traditional pastas but with substantially less pasta.")

[8] *Id.* at ¶¶ 47-57.

6

and not by volume.[9] The "fill-line" and disclaimer-language remedies—both forms of injunctive relief—are the only relief to be provided to the class as a whole as part of the settlement agreement.[10]

Neither party to the agreement challenges any elements of the settlement here. Instead, this appeal is brought by a lone class member who objected to the settlement, Objector-Appellant Schulman.[11] Schulman objected to the settlement in the District Court on several grounds, among them that the group of past purchasers of Barilla pasta could not be certified, as it sought to be, under Rule 23(b)(2) because a group of past purchasers is not eligible for injunctive relief.

But the District Court rejected Schulman's arguments. In a Final Approval Order from June 3, 2019, it certified the class of past purchasers of Barilla pasta under Rule 23(b)(2) and approved the settlement struck by Plaintiffs and Barilla—so that fill-line-drawing

---

[9] *See generally* Class Action Settlement Agreement, App. 35-61.

[10] The class is defined as "[a]ll consumers in the United States and all U.S. territories (including, but not limited to, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, and the other territories and possessions of the United States), who purchased one or more of the Products from July 28, 2010 until the date of the preliminary approval of the settlement of this litigation. Excluded from the Class are persons who timely and properly exclude themselves from the Class as provided in the Settlement Agreement." *See id* at ¶ 6.1.

[11] Schulman is a serial class action objector (or, often, attorney for such objectors) who works as an attorney for the Center for Class Action Fairness at the Hamilton Lincoln Law Institute. The Center for Class Action Fairness has "sponsored" many such objections, including before this Court. Schulman states that he brings this objection "through his employer." Obj. Br. 14.

and disclaimer-printing could commence, and new boxes of pasta could make their way to supermarket shelves.[12]

Schulman challenges the District Court's determination here, putting forward many of the same arguments: that the Rule 23(b)(2) certification was incorrect; that the class had not been adequately represented in the settlement negotiations; and that, even if the class were certifiable, the settlement unfairly rewarded class counsel at the expense of class members. Because we find that Schulman is correct on his first point—that the class is *not* certifiable—we need not reach the other arguments at this time.

## II.  DISCUSSION

### A. Jurisdiction

The District Court had jurisdiction over this class action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This Court has appellate jurisdiction under 28 U.S.C. § 1291 over the Final Approval Order of June 3, 2019.

### B. Standing

A brief note on Schulman's standing is necessary before proceeding to the merits of his claim. Plaintiffs contend, at the outset, that Schulman lacks standing to bring this appeal because, by his own

---

[12] *See Berni*, 332 F.R.D. at 37.

admission, he was not deceived by Barilla's packaging.[13] Therefore, "even if Mr. Schulman is arguably a class member"—because he purchased Barilla pasta during the relevant time period to so qualify— "the injunctive relief provided by the settlement will admittedly not impact him."[14] According to Plaintiffs, since Schulman "was not harmed in any way by Barilla's conduct, could not allege such harm and thus could not release any claims alleging such harm, he lacks standing to object to the settlement or appeal its approval."[15]

The District Court concluded otherwise. As it noted, under Federal Rule of Civil Procedure 23(e)(5), "[a]ny class member may object to the [settlement] proposal if it requires court approval" as the settlement proposal does here.[16] Since Schulman is a class member— he "purchased one or more of [Barilla's] Products from July 28, 2010 until June 12, 2018" according to a declaration he produced for the District Court—he automatically has standing to object.[17]

We agree with the District Court's determination. "As a member of the . . . class" an objector, like Schulman, necessarily "has an interest in the settlement that creates a 'case or controversy' sufficient to satisfy

---

[13] "The existence of standing is a question of law that we review *de novo*." *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004).

[14] Pl. Brief at 24.

[15] *Id.* at 20.

[16] *Berni*, 322 F.R.D. at 21 (internal quotation marks omitted).

[17] *Id.* at 22 (internal quotation marks omitted).

the constitutional requirements of injury, causation, and redressability."[18] Once he established that he was a member of the class, he needed to do no more in order to proceed with his objection. For the same reason, he need do no more now to proceed with his appeal before this Court.

## C. Standard of Review

"Certification of a class is reviewed for abuse of discretion, i.e., whether the decision (i) rests on a legal error or clearly erroneous factual finding, or (ii) falls outside the range of permissible decisions."[19] In certain contexts, this review for abuse of discretion is more stringent than usual. Specifically, "[w]hen a district court, as here, certifies for class action settlement only, the moment of certification requires 'heightene[d] attention' to the justifications for binding the class members."[20] This is so despite our otherwise "strong judicial policy in favor of settlements, particularly in the class action context."[21]

---

[18] *Devlin v. Scardeletti*, 536 U.S. 1, 6-7 (2002).

[19] *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 827 F.3d 223, 231 (2d Cir. 2016); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a non-pejorative "term of art").

[20] *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) (quoting *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)) (internal citations omitted).

[21] *In re Painewebber Limited Partnerships Litigation*, 147 F.3d 132, 138 (2d Cir. 1998).

## D. Rule 23(b)(2) Certification

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied."[22] Because the Plaintiffs here sought to have their class certified under Rule 23(b)(2), and because Schulman contends that the District Court failed to properly determine that the requirements of Rule 23(b)(2) were satisfied, we need only review whether the District Court "abused its discretion" in stating that those requirements were, in fact, met.

According to the Federal Rules of Civil Procedure, a class may be certified under Rule 23(b)(2) in a single circumstance: when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As such, the Supreme Court has counseled that "Rule 23(b)(2) applies *only* when a single injunction or declaratory judgment would provide relief to each member of the class."[23] Put another way, a class may *not* be certified under Rule 23(b)(2) if *any* class member's injury is not remediable by the injunctive or declaratory relief sought.

Since the relief sought here is equitable in nature (*i.e.*, injunctive)—taking the form of a "fill-line" and disclaimer language

---

[22] *In re American Intern. Group, Inc. Securities Litig.*, 689 F.3d 229, 238 (2d Cir. 2012).

[23] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (emphasis added).

on the pasta boxes—we must determine if that relief is proper for each and every member of the group of past purchasers of Barilla pasta. Only if the injunctive relief is proper on such an individualized basis is the group as a whole then eligible for class certification under Rule 23(b)(2).

Our analysis starts with the familiar principle that injunctive relief is only proper when a plaintiff, lacking an adequate remedy at law, is likely to suffer from injury at the hands of the defendant if the court does not act in equity.[24] The prospective-orientation of the analysis is critical: to maintain an action for injunctive relief, a plaintiff "cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future."[25] Moreover, such a threat of future injury must be "actual and imminent, not conjectural or hypothetical."[26] If the injury occurred in the past—or if some future injury is merely conjectural or hypothetical—then plaintiffs will lack the kind of injury necessary to sustain a case or controversy, and necessary to establish standing, under Article III.[27]

---

[24] *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1185 (2d Cir. 1995) ("[I]njunctive relief where an adequate remedy at law exists is inappropriate.").

[25] *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).

[26] *Summers v. Earth Island Institute,* 555 U.S. 488, 493 (2009); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

[27] *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) (holding that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects"); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("Although

Has an actual and imminent threat of future injury been shown by all members of the class here? Put another way, are each of the pasta purchasers likely to be harmed by Barilla in the imminent future absent injunctive relief?

We conclude that such future harm is not likely, and that, as a result, the injunctive relief sought would not provide a remedy for all members of the class.[28] At a general level, we note that past purchasers of a consumer product who claim to be deceived by that product's packaging—like the purchasers of Barilla pasta here—have, at most, alleged a past harm. Such a past harm is of the kind that is commonly redressable at law through the award of damages, which, it should be noted, is what Plaintiffs primarily sought in their complaint.

For several reasons, past purchasers of a product, like the Barilla purchasers, are not likely to encounter future harm of the kind that makes injunctive relief appropriate. In the first place, past purchasers are not bound to purchase a product again—meaning that once they

---

past injuries may provide a basis to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way.").

[28] We have stated that the relief to each class member in a Rule 23(b)(2) action need not "be identical, only . . . beneficial." *Sykes v. Mel. S. Harris and Associates LLC*, 780 F.3d 70, 97 (2d Cir. 2015). That means that different class members can benefit differently from an injunction—but no matter what, they *must* stand to benefit (it cannot be the case that some members receive no benefit while others receive some). Here, we conclude that at least some, and maybe all, members of the class would receive no benefit from the relief provided, since the prospective injunctive relief would not redress their past harms.

become aware they have been deceived, that will often be the last time they will buy that item. Past purchasers do not have the sort of perpetual relationship with the producer of a consumer good that is typical of plaintiffs and defendants in Rule 23(b)(2) class actions.[29] No matter how ubiquitous Barilla pasta may be, there is no reason to believe that all, or even most, of the class members—having suffered the harm alleged—will choose to buy it in the future.

But even if they do purchase it again, there is no reason to believe that all, or even most, of the class members will incur a harm anew. Supposing that they have been deceived by the product's packaging once, they will not again be under the illusion that the boxes of the newer pastas are filled in the same way as the boxes of the older pastas. Instead, next time they buy one of the newer pastas, they will be doing so with exactly the level of information that they claim they were owed from the beginning. A "fill-line" or some disclaimer language will not materially improve their position as knowledgeable consumers.

We are aware that some district courts in this Circuit have been hesitant to find that past purchasers cannot obtain injunctive relief, and so cannot constitute a Rule 23(b)(2) class.[30] Perhaps most

---

[29] *Wal-Mart*, 564 U.S. at 361 (noting that civil rights cases, in which the parties presumably have an ongoing relationship, are the "prime examples of what (b)(2) is meant to capture" (internal quotation marks omitted)).

[30] *See e.g.*, *In re Amla Litigation*, 282 F. Supp. 3d 751, 769 (S.D.N.Y. 2017); *Ackerman v. Coca-Cola Co.*, No. 09-cv-395 (DLI/RML), 2013 WL 7044866, at *17 (E.D.N.Y. July 18, 2013).

famously, Judge Jack B. Weinstein has stated that to prohibit injunctive relief to past purchasers would be to foist them into an unwelcome dilemma, what the District Court here calls a "Catch-22."[31] Said Judge Weinstein: "The only way a consumer could enjoin deceptive conduct would be if he were made aware of the situation by suffering injury. But once the consumer learned of the deception, he would voluntarily abstain from buying and therefore could no longer seek an injunction."[32]

Concerned about this "Catch-22," several district courts have attempted to carve out an exception to the strictures of our law on injunctions, so that past purchasers can maintain class actions for such relief. Indeed, that is precisely what the District Court did here. It admitted that "the class [of Barilla purchasers] is technically defined by the past rather than the future activity of its members"—making it ordinarily ineligible for injunctive relief.[33] It even quoted a popular treatise on class actions which notes that "[t]he requisite imminent threat of future injury [is not] present based on a representation by plaintiff of intent to purchase another item of the product in the coming months."[34] Nevertheless, it found that because "future purchasers [of Barilla pasta] would still be buying an allegedly deceptive product, even if they know of the manner in which it is

---

[31] *Berni*, 322 F.R.D. at 25-26.

[32] *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 67 (E.D.N.Y. 2015).

[33] *Berni*, 332 F.R.D. at 26.

[34] *Id.* (quoting 1 McLaughlin on Class Actions § 5:15 (15th ed. 2018)).

deceptive[,]" they are in a position to seek injunctive relief.[35] In doing so, it created an exception to the Federal Rules of Civil Procedure to let a Rule 23(b)(2) class action move forward even when injunctive relief is not proper for every class member.

But such an equitable exception to Rule 23(b)(2) simply does not exist, and courts cannot create one to achieve a policy objective, no matter how commendable that objective. That is because, as many other district courts in our Circuit have already noted, courts cannot permit injunctive relief through class settlement when plaintiffs would otherwise lack standing to seek such relief under Article III.[36] Where

---

[35] *Id.*

[36] *See, e.g.*, *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018) (noting that "[b]ecause a plaintiff in a false advertisement case has necessarily become aware of the alleged misrepresentations, there is no danger that they will again be deceived by them" and so they have no standing to seek injunctive relief (internal quotation marks omitted)); *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 3:13-cv-1471 (JAM), 2017 WL 985640 at *11 (D. Conn. Mar. 13, 2017) (noting that "[r]egardless of the salutary purpose of consumer protection statutes" and potential injunctive relief under them, "they cannot alter the bedrock requirements for federal constitutional standing"), *vacated on other grounds*, 897 F.3d 88 (2d Cir. 2018); *Singleton v. Fifth Generation, Inc.*, No. 5:15-cv-474 (BKS/TWD), 2017 WL 5001444 at *16 (N.D.N.Y. Sept. 27, 2017) (rejecting plaintiff's request that the court "carve out a public policy exception to the standing requirement, in the interest of protecting [ ] consumers"); *In re Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, No. 13-cv-150 (JPO), 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015) (noting that no "public policy exception" permits Rule 23(b)(2) class certification when plaintiffs are "unlikely to buy the class products again"); *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 68 (S.D.N.Y. 2013) (noting that because "[p]laintiff has demonstrated he is now keenly aware" of the alleged deceptive behavior of defendant, "he is very unlikely to suffer" some future harm worthy of an injunction). District courts outside of this

16

there is no likelihood of future harm, there is no standing to seek an injunction, and so no possibility of being certified as a Rule 23(b)(2) class. As such, the district courts in many cases—involving past purchasers of such varied products as skin creams, vodka, and satellite radio subscriptions—have come to the conclusion that past purchasers cannot be certified as a class under Rule 23(b)(2).

We come to the same conclusion in this case. Since injunctive relief is not proper for the group of past purchasers of Barilla pasta— because not every member of that group stands to benefit from the "fill-line" and disclaimer language included in the settlement proposal—that group cannot be certified as a Rule 23(b)(2) class.

### III. CONCLUSION

To summarize: We hold that past purchasers of a product—like the purchasers of Barilla pasta in this case—are not eligible for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. For the foregoing reasons, we **VACATE** the District Court's order granting approval of the settlement and **REMAND** for further proceedings consistent with this opinion.

---

Circuit have also concluded that a Rule 23(b)(2) class cannot be certified when injunctive relief is sought by past purchasers. *See, e.g.*, *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) (noting that once consumers are "aware of the realities of [a] product[ ]" they "will not benefit from [ ] injunctive relief[,] as they cannot demonstrate a probability of injury; if they know the 'truth' they cannot be further deceived").