*Does 1 - 10 vs. Suffolk County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> *Circuit Judges.*

—————————————————

JOHN DOES 1 - 10,

*Plaintiffs-Appellants*,

v.                                                             21-1658

SUFFOLK COUNTY, NEW YORK,

*Defendant-Appellee.*

—————————————————

For Plaintiffs-Appellants:          AMY L. BELLANTONI, The Bellantoni Law Firm, Scarsdale, NY.

For Defendant-Appellee:          ARLENE S. ZWILLING, Assistant County Attorney, *for* Dennis M. Cohen, Suffolk County Attorney, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New

York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants John Does 1–10 appeal the district court's June 26, 2021 judgment *sua sponte* dismissing their complaint and denying their request for a preliminary injunction and temporary restraining order. *See Does 1-10 v. Suffolk Cnty.*, No. CV 21-3409, 2021 WL 2634734, at *3 (E.D.N.Y. June 26, 2021) (Brown, *J.*). Does are residents of Suffolk County, New York, who each purchased a Delta Level Defense CT4-2A firearm and received a letter from the Suffolk County Police Department (1) informing them that the firearm is not in compliance with New York law, (2) requesting that the firearm be presented for "inspection and disposition," and (3) threatening that Does "may be subject to arrest and criminal charges" for failure to comply with the request.[1] Complaint ¶ 28. Does sued Defendant-Appellee Suffolk County, alleging that Suffolk County and its officers misinterpret New York law in criminalizing the possession of the Delta Level Defense CT4-2A, *see* N.Y. Penal Law § 265.00, *et seq.*, and that in sending the challenged letter, Suffolk County's officers violated or threatened to violate the Fourth, Fifth, and Fourteenth Amendments, *see* 42 U.S.C. § 1983. In its June 26, 2021 order, the district court *sua sponte* dismissed Does' complaint and granted them leave to replead within 30 days. Within that order, the district court also denied Does' request for a preliminary injunction and temporary restraining order prohibiting Suffolk County and its officers from subjecting Does to arrest, prosecution, or the confiscation of their firearms while their lawsuit is pending. Does declined

---

[1] Although Does claim that the Delta Level Defense CT4-2A is not technically a "firearm" under federal and New York law, for simplicity's sake, we use that term to describe the weapon within this Order. Like the district court, we do not address the underlying merits of this claim.

to amend, and instead appealed the district court's order, arguing that the court's *sua sponte* dismissal and refusal to grant their preliminary injunction and temporary restraining order were reversible errors. For the following reasons, we **AFFIRM** the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*       *       *

Does first argue that the district court erred in denying them leave to proceed anonymously. Although we refer to Plaintiffs-Appellants by the pseudonym "Does" within this Order, we note that Does failed to comply with Federal Rule of Civil Procedure 10(a) by proceeding anonymously without first seeking leave from the district court. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) ("[Rule 10(a)'s] requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly.").

Moreover, even if Does had requested leave, such a request would properly have been rejected because—as the district court rightly determined—Does' "justification for [proceeding anonymously] can best be described as threadbare." *Does 1-10*, 2021 WL 2634734, at *1; *see Sealed Plaintiff*, 537 F.3d at 189 (courts must "weigh[] the plaintiff's need for anonymity against countervailing interests in full disclosure"). Does acknowledge that their identities, addresses, and purchases of the Delta Level Defense CT4-2A firearms are already known by the Suffolk County Police Department. There are no factual allegations within the complaint suggesting that Does will be unduly targeted by Suffolk County compared to other purchasers because they filed this action. Without such factual allegations, Does have little interest in anonymity, and whatever

interest they have is strongly outweighed by the public interest in full disclosure. *See Sealed Plaintiff*, 537 F.3d at 189.

Does next argue that the district court erred by dismissing their complaint *sua sponte*. They assert that this dismissal—which they construe as a dismissal for failure to state a claim—was wrongful because they were not given "an opportunity to respond" to the complaint's supposed deficiencies. Appellants' Br. 20 (quoting *Lewis v. State of N. Y.*, 547 F.2d 4, 5 (2d Cir. 1976) (holding that it is generally improper to *sua sponte* dismiss for failure to state a claim without first giving the plaintiff an opportunity to respond)). We disagree.

As a preliminary matter, Does mischaracterize the district court's *sua sponte* dismissal in describing it as a dismissal for failure to state a claim. In its order, the district court never addressed the underlying merits of Does' action or whether Does' complaint necessitated dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Rather, the court dismissed Does' action, *inter alia*, because Does lack standing to obtain their requested relief. *See Does 1-10*, 2021 WL 2634734, at \*3; *see also Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr.*, 16 F.4th 67, 78 (2d Cir. 2021) ("Because the question of standing goes to the constitutional limitations on the judicial Power of the United States, . . . [the court is] entitled at any time *sua sponte* to delve into the issue of standing even if defendants do not raise the issue." (internal quotation marks and citations omitted)). Does make no argument on appeal that the district court erred in this determination. Reviewing the district court's dismissal *de novo*, we affirm the judgment of the court on this basis. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017) (reviewing a dismissal for lack of standing *de novo*).

Generally, "[s]tanding is a federal jurisdictional question determining the power of the

court to entertain the suit." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (internal quotation marks and citations omitted) (alteration in original). To establish constitutional standing, a plaintiff must allege: (1) he has suffered an injury in fact which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) there is "a causal connection between the injury and the conduct complained of," and (3) it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). The plaintiff "bears the burden of showing that he has standing for each type of relief sought," including injunctive relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Preenforcement challenges—such as Does' challenge to Suffolk County's alleged policy criminalizing possession of the Delta Level Defense CT4-2A—are "cognizable under Article III." *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016). Determining whether a plaintiff has alleged a "credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue." *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015). To establish standing for a preenforcement challenge, an "allegation of future injury will be sufficient only if 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). Fears of prosecution may not, for instance, be "imaginary or speculative." *Vance*, 802 F.3d at 384 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Further, the imminence requirement is not "evident where plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.'" *Id.* (quoting *Babbitt*, 442 U.S. at 298–99).

5

The circumstances at issue here do not suggest that Does suffered, or are at a substantial risk of suffering, an injury in fact. Does allege that, in a letter dated May 20, 2021, the Suffolk County Police Department notified them, among other things, that the Delta Level Defense CT4-2A is "not in compliance with the New York State Penal Law" and that Does "may be subject to arrest and criminal charges" if they "fail to present the weapon to the Suffolk County Police Department within . . . fifteen days" from receipt of the letter. Complaint ¶ 28 (emphasis omitted). Does did not present their firearms during the fifteen-day grace period, and continue in possession of their firearms today—over one year after receipt of the letters. Importantly, Does do not allege (and have not notified this Court or the district court) that any individual Doe has been arrested or had their firearm forcibly confiscated for failing to comply with the Suffolk County Police Department's request in the year since it was made, or even that *any* purchaser of the Delta Level Defense CT4-2A has been arrested or had their firearm forcibly confiscated by Suffolk County. Indeed, at oral argument, Does acknowledged that Suffolk County has not so much as contacted any individual Doe about the firearms since sending the May 20, 2021 letter. Based on Does' factual pleadings and the subsequent developments (or lack thereof) in this case, Does have not established that their prosecution is likely, *see Vance*, 802 F.3d at 384, or otherwise that the threatened injury is certainly impending or that there is a substantial risk that they will be harmed, *see Dorce*, 2 F.4th at 95. As such, Does have not alleged that they are at an imminent risk of suffering an injury in fact. They thus lack standing to obtain their requested relief.[2]

---

[2] For the same reasons, we affirm the district court's refusal to grant Doe's request for a preliminary injunction and temporary restraining order against Suffolk County and its officers. *See Cacchillo*, 638 F.3d at 404 ("[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability."). Under the injury-in-fact factor, "injunctive relief is only proper when a plaintiff, lacking an adequate remedy at law, is likely to suffer from injury at the hands of the defendant if the court does not act in equity."

*     *     *

We have considered Does' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

---

*Berni v. Barilla S.p.A.*, 964 F.3d 141, 146–47 (2d Cir. 2020); *see id.* at 147 ("to maintain an action for injunctive relief, a plaintiff cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future." (internal quotation marks and citation omitted) (alterations in original)).  Does fail to show a likelihood of future injury, and injunctive relief is thus inappropriate here.