*Moses v. The New York Times Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MARIBEL MOSES,
on behalf of herself and all others similarly situated,

> *Plaintiff-Appellee,*

v.

No. 24-2979

THE NEW YORK TIMES COMPANY, d/b/a
The New York Times,

> *Defendants-Appellee,*

v.

ERIC ALAN ISAACSON,

*Appellant.*[*]

------------------------------------------------------------------

| | |
|---|---|
| **For Appellant:** | ERIC ALAN ISAACSON, Law Office of Eric Alan Isaacson, La Jolla, California. |
| **For Plaintiff-Appellee:** | NEAL J. DECKANT, (Julia K. Venditti, *on the brief*), Bursor & Fisher, P.A., Walnut Creek, CA. |
| **For Defendant-Appellee:** | KRISTEN C. RODRIGUEZ, (Sandra D. Hauser, Natalie J. Spears, *on the brief*), Dentons US LLP, New York, NY & Chicago, IL. |

Appeal from the October 10, 2024, judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Objector-Appellant Eric Alan Isaacson appeals from the judgment of the district court approving a settlement agreement (the "Settlement Agreement") between Defendant-Appellee The New York Times Company and Plaintiff-Appellee Maribel Moses, acting on behalf of a class. We assume the parties' familiarity with the underlying

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Moses filed this putative class action in 2020 on behalf of California subscribers to the New York Times whose subscriptions were allegedly automatically renewed without proper notice in violation of the California Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq*. The parties reached a settlement in 2021 (the "First Settlement") and, over Isaacson's objections, the district court approved the settlement. On appeal, this Court vacated the approval of the First Settlement in part because the New York Times access codes provided to the class as part of the settlement constituted "coupons" under the coupon settlement provisions of the Class Action Fairness Act, which subjected the calculation of attorneys' fees to a different standard. *Moses v. New York Times Co.*, 79 F.4th 235, 241, 252-53 (2d Cir. 2023) ("*Moses I*"). We did not resolve the question whether the First Settlement was fair and reasonable and remanded the case for further proceedings. *Id.* at 257.

Upon remand, the parties revoked the First Settlement, returned to formal mediation, and subsequently entered into the current Settlement Agreement in April 2024. The district court held a final settlement approval hearing to assess the reasonableness of the settlement and address objections raised by Isaacson and another class member. At the hearing, the district court explained its reasoning for approving the settlement and subsequently issued a final settlement approval order and judgment.

3

*    *    *

We review the district court's approval of the Settlement Agreement for abuse of discretion. *See Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 723 (2d Cir. 2023); *Hyland v. Navient Corp.*, 48 F.4th 110, 117 (2d Cir. 2022). "A district court abuses – or more precisely, exceeds – its discretion when its decision rests on an 'error of law' or a 'clearly erroneous factual finding,' or 'cannot be located within the range of permissible decisions.'" *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 666 (2d Cir. 2023) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

**1.** Isaacson argues that the Settlement Agreement contemplates injunctive relief that Moses lacked Article III standing to pursue. The "SETTLEMENT RELIEF" section of the Settlement Agreement has two subsections: 2.1 Payment to Settlement Class Members, and 2.2 Practice Changes. The latter reads:

> Defendant already has revised the presentation and wording of the automatic renewal terms on the checkout pages in its mobile and desktop platforms and in its direct mail offers to be consistent with the requirements of Cal. Bus. & Prof. Code § 17602(a)(1)-(2). Defendant also now provides consumers who submit an order for a new automatically renewing subscription with an e-mail or paper acknowledgment (appropriate to the method of subscription) that includes the automatic renewal terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, consistent with Bus. & Prof. Code § 17602(c).

App'x at 170. The parties agree, and the district court acknowledged, that "courts cannot permit injunctive relief through class settlement when plaintiffs would otherwise lack

4

standing to seek such relief under Article III." *Berni v. Barilla S.P.A.*, 964 F.3d 141, 148-49 (2d Cir. 2020). But, as the district court determined, the Settlement Agreement confers only monetary relief because the "Practice Changes" provision memorializes steps already taken by New York Times and in no way prohibits it from reverting them. As such, Isaacson's challenge to Moses's standing fails.

**2.** Isaacson also contends that the district court erred in approving the Settlement Agreement because Moses failed to show that all members of the Settlement Class suffered injury to establish Article III standing. Isaacson relies on the Supreme Court's holding in *TransUnion LLC v. Ramirez* that "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, *C.J.*, concurring)).

But all the class members here have Article III standing because they share Moses's injury, which she demonstrated in her sworn declaration. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) (explaining that a class will satisfy Article III if it is "defined in such a way that anyone within it would have standing"). Because Moses did not receive a notice of auto-renewal to which, under California law, she was entitled, Cal. Bus. & Prof. Code § 17602, she should have received at least one month's subscription as an "unconditional gift," *id.* § 17603. Instead, she was charged for it. That injury does not depend on whether Moses, or any individual class member, had desired the auto-renewal

5

itself. Regardless of the ultimate merits of Moses's theory, she established her standing, and hence "standing is established for the entire class." *Hyland v. Navient Corp.*, 48 F.4th 110, 118 (2d Cir. 2022) (quoting *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011)).[1] No claimant would receive any award without demonstrating that they suffered exactly that injury.

**3.** Isaacson argues that the district court abused its discretion by failing to require data from class counsel pertaining to two of the nine factors for assessing the reasonableness of a settlement laid out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). A district court may approve a settlement proposal that binds class members only "after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assess the reasonableness of a settlement, courts have historically applied the nine *Grinnell* factors, which are: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the

---

[1] Isaacson argues that the holdings in *Denney* and *Hyland* are distinct because they concern claims for injunctive relief, under Rule 23(b)(2), rather than for money damages, under Rule 23(b)(3). This Court does not distinguish the plaintiff's burden to show standing at the settlement stage in a Rule 23(b)(2) action and that in a Rule 23(b)(3) action. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 241 (2d Cir. 2007) (similarly requiring "only one of the named [p]laintiffs . . . to establish standing in order to seek relief on behalf of the entire class" in a Rule 23(b)(3) action). In any event, the Ninth Circuit case Isaacson cites for this proposition concerns standing for certifying a litigation class and therefore does not reach the question of Article III standing for purposes of settlement. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir.2022) (en banc) (affirming certification of a class under 23(b)(3)).

6

settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Hyland*, 48 F.4th at 121 (quoting *Grinnell Corp.*, 495 F.2d at 463). Although a 2018 revision to Rule 23 updated the guidance on the "core concerns of procedure and substance" for approving a settlement, Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment, this Court affirmed in *Moses I* that the *Grinnell* factors "remain a useful framework for considering the substantive fairness of a settlement." 79 F.4th at 243.

Isaacson argues that the district court failed to properly evaluate the last two factors: (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. He contends that because class counsel did not provide a sum for the best possible recovery, the court could not have properly evaluated these factors. However, the district court, in evaluating the eighth and ninth *Grinnell* factors, considered plaintiff's representation that the number of class members times four dollars – an estimate of the average cost of one month's subscription – could serve as a benchmark of the best possible recovery.

App'x at 442-43, 481.  Using that benchmark, "the settlement fund amounts to 74% of the best possible recovery."  App'x at 481.  The court noted that the proportion exceeded that of other class action settlements approved by district courts in this Circuit, while acknowledging that "[i]ndeed, 'there is a range of reasonableness with respect to a settlement, a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'"  *Id.* at 481-82 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).  The court therefore did not abuse its discretion by accepting the 74% monthly sum in lieu of demanding an exact value for the best possible recovery when evaluating the eighth and ninth *Grinnell* factors, and it did not abuse its discretion in its holistic assessment that the nine factors supported a finding that the settlement is reasonable.

**4.**  Isaacson argues that the district court applied the wrong legal standard when it approved attorneys' fees.  The Settlement Agreement consists of a $2,375,000 non-reversionary fund, and class counsel requested and were granted attorneys' fees, costs, and expenses of $791,666.66, representing one-third of the total settlement value.  Isaacson argues that the district court gave blanket approval of the attorneys' fees based on the ratio alone; but the settlement hearing record includes a more robust analysis.  The district court correctly explained that "[r]easonableness is the touchstone when determining whether to award attorneys' fees" and evaluated the six factors this Court

8

has set out for assessing the reasonableness of a fee: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public-policy considerations." App'x at 475-76 (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000)).

The district court made a holistic assessment of reasonableness and applied the correct legal standard. The court first noted the 1,069 hours already expended by counsel and the additional work expected before the case is concluded. The court determined that the "litigation had the potential to be complex and risky, as it rests on what Plaintiff concedes is a relatively novel theory of liability," and that "[c]ounsel are experienced in this area and have provided vigorous representation." App'x at 476 (internal quotation marks omitted). Only then did the district court comment that the requested fee represents one-third of the settlement and note that other district courts in this Circuit have approved such a share.

**5.** Isaacson finally argues that the $5,000 incentive award granted to Moses is both inequitable and *per se* illegal. This Court in *Moses I* rejected Isaacson's claim that incentive awards are *per se* impermissible and explained why this conclusion aligns the Second Circuit with nearly every other circuit, 79 F.4th at 253, so we decline to revisit the argument.

9

Isaacson contends that the incentive award is unreasonable because $5,000 relative to the per-class-member award of $2.71 is outsized. As this Court detailed in *Moses I*, incentive awards must be evaluated "in light of Moses's contributions to the case," but there is "near-universal recognition that it is appropriate for the court to approve an incentive award payable from the class recovery, usually within the range of $1,000-$20,000." 79 F.4th at 255 n.12 (internal quotation marks omitted)). The district court found the incentive award reasonable in light of representations by class counsel that Moses's "active involvement in this case was critical to its ultimate resolution. Both counsel and Ms. Moses have attested to the assistance that Ms. Moses provided to counsel in, among other things, conducting pre-litigation investigation, drafting the complaint, and producing documents in informal discovery in advance of mediation." App'x 478-79 (internal quotation marks and citations omitted). Given these contributions and the general landscape of reasonably sized awards, the district court did not abuse its discretion by approving the $5,000 incentive award to Moses.

We have considered Isaacson's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10